PARKER, Justice
(dissenting).
• I agree with Chief Justice Moore’s dissent with the exception explained below.
*1074 I agree with Chief Justice Moore’s conclusion that the Secretary of State, as the chief elections official of Alabama, has a duty, under both Alabama and federal law, to ensure that the candidates for President of the United States whose names are placed on an Alabama election ballot meet the applicable qualifications. I write separately, however, to clarify that I do not believe that the Secretary of State has an affirmative duty to investigate, on his or her own volition, all the qualifications of every proposed candidate, but that the Secretary of State’s duty to investigate a potential candidate’s qualifications arises once the Secretary of State has received notice that a potential candidate may lack the necessary qualifications to be placed on an Alabama election ballot. For the following reasons, I believe that, in the present case, the Secretary of State received notice sufficient to raise a duty to investigate the qualifications of President Barack Hussein Obama before including him as a candidate on Alabama’s election ballot.
This is not the first time that Hugh Mclnnish has appeared before this Court concerning this issue. On March 6, 2012, one week before Alabama’s primary elections were held on March 13, 2012, Mclnnish filed in this Court a petition for a writ of mandamus requesting that this Court order the Secretary of State
“to demand that [President] Obama cause a certified copy of his Bona Fide birth certificate to be delivered to her direct from the government official who is in charge of the records in which it is stored, and to make the receipt of such a prerequisite to his name being placed on the Alabama ballot for the March 13, 2012, primary election, and on the ballot for the November 6, 2012, general election.”
(Case no. 1110665.) As I noted in my unpublished special concurrence to this Court’s order striking Mclnnish’s petition for a writ of mandamus: “Mclnnish attached certain documentation to his mandamus petition, which, if presented to the appropriate forum as part of a proper evidentiary presentation, would raise serious questions about the authenticity of both the ‘short form’ and the ‘long form’ birth certificates of President Obama that have been made public.”
On March 6, 2012, the Secretary of State was served with Mclnnish’s petition for a writ of mandamus, including the attached documentation raising questions about President Obama’s qualifications. That documentation served by Mclnnish on the Secretary of State was sufficient to put the Secretary of State on notice and raise a duty to investigate the qualifications of President Obama before including him as a candidate on an Alabama election ballot.
Therefore, I respectfully dissent from the majority’s decision affirming the circuit court’s judgment.